(901 P.2d 9)
No. 72,023

STATE OF KANSAS, *Appellee*, v. LAWRENCE A. AUSTIN, JR., *Appellant.*

Opinion filed April 21, 1995.

*Thomas Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Gayle B. Armstrong*, assistant district attorney, *Gerald E. Wells*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., LEWIS, J., and CAROL BACON, District Judge, assigned.

LEWIS, J.: Defendant is serving a series of sentences imposed in 1981, 1988, and 1993. His aggregated sentence is 5 to 18 years. The trial court concluded that defendant was not eligible for retroactive application of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1994 Supp. 21-4701 *et seq*. This appeal is from that determination.

The record in this case shows the following felony convictions in defendant's criminal history: (1) In 1978, defendant was convicted of attempted aggravated sodomy in case No. CR 77738, a conviction which under the KSGA would be a level 4 person felony. (2) In 1981, defendant was convicted of burglary in case No. 80CR1902 and sentenced to a term of 3 to 10 years. He was paroled from that sentence but convicted of other crimes while on parole, and his parole was revoked. (3) On January 21, 1988, defendant was convicted of attempted aggravated assault in case No. 87CR855. He was sentenced on February 18, 1988, to a term of one to three years. (4) On January 21, 1988, defendant was convicted of attempted aggravated assault and unlawful use of weapons in case No. 87CR926. On February 18, 1988, defendant was sentenced to a term of one to three years on each conviction. This sentence was ordered to run concurrent to the sentence imposed in 87CR855. (5) In 1993, defendant was convicted of felony theft in case No. 93CR468. In July 1993, he was sentenced to a term of one to five years. This sentence was ordered to run consecutive to the sentences imposed in 87CR855 and 87CR926. At the time this matter was heard, defendant was serving all of his sentences, except the one imposed in 1978.

This appeal involves the decision of the trial court in 87CR855 that defendant was not eligible for retroactive application of the KSGA.

On August 30, 1993, defendant filed a motion asking that his sentence in 87CR855 be given retroactive application under the KSGA. The trial court heard and denied this motion on March 24, 1994.

The Kansas Department of Corrections (DOC) issued a sentencing guidelines report on October 13, 1993, 44 days *after* defendant filed the motion to convert his sentence. In the guidelines report, the DOC determined that defendant was not eligible for retroactive application of the KSGA because his criminal history showed two prior person felonies.

## JURISDICTION

The first issue we consider is one of jurisdiction. As pointed

out above, defendant filed the motion to convert the sentence in 87CR855 44 days *before* the DOC filed its guidelines report.

The State argues that the trial court had no jurisdiction to consider the motion to convert filed 44 days prematurely. It follows that if the trial court had no jurisdiction, this court has no jurisdiction.

K.S.A. 1994 Supp. 21-4724(d)(1) clearly contemplates that the motion to convert a sentence under the KSGA be filed within 30 days *after* the DOC has issued its guidelines report:

"Within 30 days of the issuance of [the DOC guidelines] report, the person who committed the crime and the prosecution officer shall have the right to request a hearing by filing a motion with the sentencing court, regarding conversion to a sentence under the [KSGA] to be held in the jurisdiction where the original criminal case was filed. The secretary of corrections shall be provided written notice of any request for a hearing. If a request for a hearing is not filed within 30 days of the issuance of the report, the department shall convert the person's sentence to one provided for under the sentencing guidelines and provide notification of that action to the person, the prosecution officer, and the court in the jurisdiction where the original criminal case was held."

Although there is no specific statutory right to appeal the denial of a motion to convert a sentence under the KSGA, our Supreme Court has held that such appeals are implicitly authorized by K.S.A. 1994 Supp. 21-4724(b)(1). *State v. Gonzales*, 255 Kan. 243, Syl. ¶ 1, 874 P.2d 612 (1994). The State's argument that there is no statutory right to appeal in this case is without merit.

The question raised on appeal is whether the premature filing of a motion to convert deprives the trial court of jurisdiction to decide that motion.

Although it is an intriguing question, we need not reach that issue. The appearance docket in this case bears the following notation from the date of November 12, 1993: "Judges notes: Knight-Lund. Def counsel moved for sentence conversion. Court took motion under advisement. Set for 2/11 at 9:30." This note leads us to conclude that, at the very least, an oral motion to convert was made by defendant's attorney on November 12, 1993. This date was 25 days after the DOC report was filed.

The record also shows that on January 31, 1994, the defendant filed a memorandum in support of motion for modification of

sentence. This document reaffirms the written motion filed in August 1993 and was also filed after the DOC report.

We conclude that based on the record in this particular action, the procedural requirements of K.S.A. 27-4724(d)(1) were satisfied. It is true the written motion to convert sentence was prematurely filed. However, this motion was at least orally reaffirmed within 30 days of the filing of the DOC report and was reaffirmed in writing in January 1994 with the filing of the memorandum described above. We believe that this satisfies the procedural requirements and that the trial court did have jurisdiction to decide the motion.

## THE MERITS

The trial court denied defendant's motion to convert on the ground that his criminal history was category B. It did so by concluding that a previous decision on defendant's criminal history *in another case* was res judicata.

The res judicata holding was based on a decision made in 93CR468. In that case, the trial court was computing what defendant's sentence would be under the KSGA. During this hearing, the trial court found: "The defendant's criminal history category is B because the defendant was convicted of attempted aggravated criminal sodomy (1978), burglary (1981), battery on a law enforcement officer (1983), and attempted aggravated assault, unlawful use of weapons and burglary (1987)." The court's findings and decision in 93CR468 were never appealed. The decision was entered on November 15, 1993, and the time for appeal is long past; the decision is therefore binding on the parties to 93CR468.

The parties have not chosen to make an issue of res judicata on this appeal. It is not briefed by either party. For that reason, we do not reach that issue.

However, we conclude there are other independent grounds on which we may affirm the trial court's decision. The record clearly shows that defendant's criminal history includes two prior person felonies and that he is not entitled to conversion on that basis. The trial court was correct in denying the motion, and that is of more importance than its reasons.

Defendant appears to argue that under the KSGA, it is error to use convictions which a defendant is actively serving in computing criminal history. Defendant is apparently actively serving sentences entered in 1980, 1988, and 1993, and appears to suggest that none of those sentences can be used in compiling his criminal history. We disagree. There is nothing in the KSGA which prohibits use of an active conviction in compiling a defendant's criminal history. The only requirement is that the conviction be a "prior" conviction within the meaning of the act.

"Prior convictions of the present crime, regardless of number, shall not be included in the criminal history score when they are elements or enhance the severity level of the present crime of conviction. *All other previous convictions shall be included in the criminal history score.*" (Emphasis added.) K.S.A. 1993 Supp. 21-4712. This statute was repealed by the legislature in 1994, but essentially the same language remains in K.S.A. 1994 Supp. 21-4710(d)(11).

What constitutes a prior conviction was precisely defined in K.S.A. 1994 Supp. 21-4710(a), which reads in relevant part: "A prior conviction is any conviction which occurred *prior to sentencing in the current case* regardless of whether the offense that led to the prior conviction occurred *before or after the current offense or the conviction in the current case.*" (Emphasis added.)

We note that similar language can be found in the 1994 Kansas Sentencing Guidelines Desk Reference Manual, p. 14: "A prior conviction is any conviction which occurred prior to imposition of sentence in the current case regardless of whether the crime that was the subject of the prior conviction was committed before or after the commission of the current crime of conviction."

The parties, in their briefs, have spent an inordinate amount of time debating the issue of whether criminal history is determined on the date of conviction or the date on which sentences are being considered for conversion. Our conclusion is that neither party has focused on the correct date.

The statute provides very clearly that a prior conviction is any conviction which occurs prior to sentencing in the current case. In the present context, this simply means that any of the defen-

dant's convictions which occurred prior to February 18, 1988, are prior convictions for the purposes of criminal history compilation.

In this case, on the date defendant was sentenced in 87CR855, his criminal history included two prior person felonies: (1) attempted aggravated sodomy in CR 77738 and (2) attempted aggravated assault in 87CR926. Certified copies of the journal entries in these two cases are in the record on appeal, and the convictions appear on the face of the DOC guidelines report. They are both person felony convictions, and defendant does not contest that classification. Both of these convictions occurred prior to defendant's sentence in 87CR855, and both are prior convictions for criminal history purposes.

Defendant questions only his conviction for burglary in 80CR1902. Since there are two uncontested person felonies in addition to the burglary, any question as to the burglary conviction becomes moot on the issue of whether defendant was entitled to retroactive application of the KSGA. The two uncontested person felonies make defendant ineligible for retroactive application of the KSGA. See K.S.A. 1994 Supp. 21-4709; K.S.A. 1994 Supp. 21-4724. The trial court was correct in denying defendant's motion. We affirm that decision but do so on different grounds than those announced by the trial court.

Affirmed.