No. 72,891
No. 72,892
No. 72,893

STATE OF KANSAS, *Appellant*, v. MICHAEL L. RODERICK, *Appellee*.
(911 P.2d 159)

Opinion
filed January 26, 1996.

*Doyle Baker*, assistant district attorney, argued the cause; and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*Michael J. Helvey*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This first impression case requires us to interpret the definition of "prior conviction" in K.S.A. 1994 Supp. 21-4710(a) for purposes of determining the criminal history score under the Kansas Sentencing Guidelines Act (the guidelines), K.S.A. 1994 Supp. 21-4701 *et seq.*

Michael L. Roderick, on the same day in the same district court, entered guilty pleas in three separate criminal cases for four offenses committed on different dates. At sentencing, the district court determined that none of the convictions could be included in Roderick's criminal history score. The State appeals upon a question reserved by the prosecution under K.S.A. 1994 Supp. 22-3602(b)(3), the statute conferring our jurisdiction.

"An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. This court will not entertain a question reserved merely to demonstrate errors of a trial court in rulings adverse to the State. Questions reserved presuppose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases." *City of Wichita v. Basgall*, 257 Kan. 631, Syl. ¶ 1, 894 P.2d 876 (1995).

We find that this case has sufficient statewide importance to warrant entertaining the appeal, in that it involves interpretation of the guidelines provisions.

The question reserved is as follows: Does the fact that a defendant enters guilty pleas for multiple offenses in separate cases on the same date preclude the use of those convictions in determining the defendant's guidelines criminal history score for sentencing on those offenses? The answer is, "No."

We sustain the appeal. The district court erred in declining to include in Roderick's criminal history score convictions entered on the same day in separate cases for offenses committed on different dates.

## FACTS

On May 20, 1993, Roderick pled guilty to: (a) one count of theft, K.S.A. 21-3701(a), in No. 92 CR 826; (b) one count of aggravated failure to appear, K.S.A. 21-3814, in No. 92 CR 1373; and (c) one count of theft and one count of burglary, K.S.A. 1992 Supp. 21-3715(1), in No. 93 CR 873. The district court suspended sentencing for 3 years.

Roderick's suspended sentences were revoked on September 27, 1994, and he received a controlling 1- to 5-year prison term. Under K.S.A. 1994 Supp. 21-4724(f), a hearing was held to determine Roderick's guidelines presumptive sentence for conversion purposes. (Roderick appeared to be eligible for conversion of his sentence under the limited retroactivity provision in K.S.A. 1994 Supp. 21-4724[f].) The State agreed that Roderick had no criminal convictions other than those for which he was being sentenced.

Roderick contended that none of the convictions entered on May 20, 1993, the date he pled guilty, should be counted in his criminal history. The State disagreed.

The sentencing court agreed with Roderick, reasoning that none of the convictions could be counted because they had all been entered on the same date. The judge stated:

"It is my belief and opinion under the law of the State of Kansas, as it had existed for a number of years under the old Habitual Criminal Act, for example, if an

individual pled to cases on the same day, those were considered one conviction for the purposes of the Habitual Criminal Act."

The sentencing court used criminal history category I under K.S.A. 1994 Supp. 21-4709 and the mid-range on the K.S.A. 1994 Supp. 21-4704 grid for Roderick to determine a guidelines controlling presumptive sentence of 12 months.

## DISCUSSION
### K.S.A. 1994 Supp. 21-4710(a)

Resolution of the criminal history sentencing issue involves the interpretation of various provisions of the guidelines. The interpretation of statutes is a question of law, and, thus, our scope of review is unlimited. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, we must give effect to the intention of the legislature, rather than determine what the law should or should not be. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P. 2d 603 (1995). From our reading of K.S.A. 1994 Supp. 21-4710(a), the key statute, we conclude that it means what it says. We reason that a plain reading of 21-4710(a) effects legislative intent.

A "prior conviction" is defined at K.S.A. 1994 Supp. 21-4710(a) as

"any conviction which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

The general rule is that a criminal statute must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *Cox*, 258 Kan. 557, Syl. ¶ 7.

K.S.A. 1994 Supp. 21-3110(4) provides that the term " '[c]onviction' includes a judgment of guilt entered upon a plea of guilty."

K.S.A. 1994 Supp. 21-4710(d)(11) provides in relevant part: "Except as otherwise provided, all other prior convictions will be considered and scored."

Roderick points out that K.S.A. 1993 Supp. 21-4710 was amended twice by the legislature in 1994, first at L. 1994, ch. 291, § 54 (K.S.A. 1994 Supp. 21-4710), and then at L. 1994, ch. 341, § 15 (K.S.A. 1994 Supp. 21-4710a). K.S.A. 1994 Supp. 21-4710a does not contain the "prior conviction" definition, nor does it contain the language of 21-4710(d)(11) referencing prior convictions. Roderick argues those omissions from K.S.A. 1994 Supp. 21-4710a indicate that the legislature intended to eliminate the definition of "prior conviction" from the statute.

The legislative history indicates that two separate amendments (Senate Substitute for House Bill 2332 and House Bill 2788) to K.S.A. 1993 Supp. 21-4710 proceeded through the legislative process in 1994, and both were approved near the end of the session, before the separate amendments were reconciled.

Repeal by implication is not favored, and acts will not be held to have been repealed by implication unless a later enactment is so repugnant to the provisions of the first act that both cannot be given force and effect. *City of Salina v. Jaggers*, 228 Kan. 155, 169, 612 P.2d 618 (1980). Such a repeal is not to be found when both statutes may operate independently without conflict. *Pederson v. Russell State Bank, Executor*, 206 Kan. 718, 724, 481 P.2d 986 (1971).

K.S.A. 1994 Supp. 21-4710 and 21-4710a do not conflict with one another. Each contains amendments to different portions of K.S.A. 1993 Supp. 21-4710. Both can be read and applied together. Therefore, the definition of "prior conviction" and K.S.A. 1994 Supp. 21-4710(d)(11) should not be considered as repealed by implication.

We note that the 1995 legislature amended the "prior conviction" definition in 21-4710 at L. 1995, ch. 251, § 16:

"A prior conviction is any conviction, *other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto*, which occurred prior to sentencing in the current case regardless

of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." (Emphasis in original.)

Under the 1995 amendment, multiple convictions in separate cases consolidated for trial pursuant to K.S.A. 22-3203 cannot be counted as "prior convictions" for guidelines criminal history purposes.

## The *Wilson* Rule

The trial court in sentencing Roderick drew the analogy to the way multiple simultaneous convictions are treated under the Habitual Criminal Act (HCA) (K.S.A. 1994 Supp. 21-4504) in determining that the prior convictions should not be counted for criminal history purposes under the guidelines. Roderick correctly identifies the rule, as stated in *State v. Wilson*, 6 Kan. App. 2d 302, 306, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981):

"Our case law has pronounced that where there are convictions for multiple offenses growing out of a single act or transaction, or where there are multiple convictions obtained on the same date for offenses committed at different times or places, the multiple convictions can be used only as a single conviction for the purpose of sentence enhancement. . . . The common denominator of these rules is that sentence enhancement requires conviction prior to commission of the subsequent offense . . . ."

We applied *Wilson* in *State v. Grissom*, 251 Kan. 851, 934, 840 P.2d 1142 (1992).

The HCA authorizes the sentencing court to double or even triple the sentence when a defendant being sentenced for certain felony convictions has previously been convicted for the same or comparable felony on one or more occasions. The HCA has been characterized as a recidivist statute. See *Wilson*, 6 Kan. App. 2d at 305. The objectives of the guidelines are broader than those of the HCA. See *State v. Grady*, 258 Kan. 72, 89, 900 P.2d 227 (1995). The guidelines were intended to standardize sentences so that similarly situated offenders would be treated the same, limiting the effects of racial or geographic bias. 258 Kan. at 89-90 (citing *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 [1994]).

Under the nondrug grid shown at K.S.A. 1994 Supp. 21-4704, the sentence increases for an offense of a given severity level as

the criminal history category classification becomes more serious. Under K.S.A. 1994 Supp. 21-4709, the classification of the criminal history category becomes more serious as the number and type (person versus nonperson) of prior convictions increases. To a limited extent, the guidelines and HCA share the common purpose of discouraging recidivism by increasing the punishment for those failing to learn from past encounters with the criminal justice system.

However, the "prior conviction" definition in K.S.A. 1994 Supp. 21-4710(a) indicates that the legislature intended that the *Wilson* rule not apply in the context of a guidelines criminal history determination. Under *Wilson*, the prior conviction must take place before the commission of the offense for which the defendant is being sentenced. The guidelines provisions, K.S.A. 1994 Supp. 21-4710(a) and (d)(11), expressly indicate that for purposes of determining the criminal history category, a prior conviction is to be considered, whether it occurred before or after commission of the current offense or conviction in the current case. See *State v. Austin*, 20 Kan. App. 2d 950, 901 P.2d 9, *rev. denied* 257 Kan. 1093 (1995).

"The KSGA defines 'criminal history' as convictions 'possessed by an offender at the time such offender is sentenced.' K.S.A. 1994 Supp. 21-4703(c)." *State v. Chronister*, 21 Kan. App. 2d 589, 596, 903 P.2d 1345 (1995) (no contest plea to sexual exploitation of a child in case pending in one county counted in defendant's guidelines criminal history at time defendant sentenced in case pending in another county for aggravated incest and sexual exploitation of the same child).

## Multiple Conviction Case

Roderick argues that his situation should be treated as a guidelines "multiple conviction case" under K.S.A. 1994 Supp. 21-4720(b). K.S.A. 1994 Supp. 21-4720(b) describes the procedure for determining sentences when consecutive sentences may be imposed in "multiple conviction cases." The term "multiple conviction case" is not defined, although subsection (b)(4) begins: "The total prison sentence imposed in a case involving multiple convic-

tions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence."

Legislative history answers the question of whether Roderick's situation should be treated as a K.S.A. 1994 Supp. 21-4720(b) "multiple conviction case." K.S.A. 1993 Supp. 21-4720(b)(4) provided in part: "The total sentence assigned for a current conviction event cannot exceed twice the base sentence." The term "conviction event" was defined at K.S.A. 1993 Supp. 21-4703(c) (the guidelines definition section) as

"one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information."

In 1994, the legislature deleted all references to conviction events from the guidelines (from 21-4703 in L. 1994, ch. 291, § 49; from 21-4720(b)(4) in L. 1994, ch. 291, § 59). The legislature provided that the limits on the total sentence would apply to "multiple convictions arising from multiple counts within an information, complaint or indictment." K.S.A. 1994 Supp. 21-4720(b)(4). The legislature changed a same day, single court requirement to a same information or complaint requirement to invoke the double rule limit. The change was made for the purpose of "limiting the application of the 'double rule' limit for consecutive sentence[s] to multiple [counts] in the same case rather than all counts for which the defendant was convicted at one time, regardless of whether from different cases." Kansas Report on Legislative Interim Studies, p. 116 (1994).

Roderick's situation would have fit within the definition of "conviction event" in K.S.A. 1993 Supp. 21-4703(c). The double rule limit in K.S.A. 1993 Supp. 21-4720(b)(4) also would have applied. However, the 1994 amendments indicate that the legislature intended to remove situations like Roderick's from the double rule limit. The double rule limit applies only to cases involving multiple convictions arising from multiple counts within an information, complaint, or indictment, not multiple convictions arising from separate cases pled to on the same date. K.S.A. 1994 Supp. 21-4720(b) does not apply to Roderick's situation.

The question remains, however, whether multiple convictions entered on the same date in different cases should be counted in the guidelines criminal history when the sentences for those convictions are determined. Under a plain reading of the "prior conviction" definition in K.S.A. 1994 Supp. 21-4710(a), we conclude that they should be. We acknowledge, as Roderick points out, the potential for disparities in sentencing results.

## The Inclusive Rule

The State argues that when a defendant pleads to three separate crimes in separate cases on the same date, each crime is counted against the others for purposes of determining the criminal history score and presumptive sentence from the grid. We adopt the State's interpretation as the "inclusive rule." When the presumptive sentence for the first crime is being determined, the second and third crimes are included in the criminal history score. When the presumptive sentence for the second crime is being determined, the first and third crimes are included in the history score, and so on. We have considered the supplemental brief from Roderick's counsel addressing the State's position. The inclusive rule fits within the plain language of the guidelines.

The inclusive rule avoids the problem of having to arbitrarily determine the order in which sentencing should occur for several crimes pled to on the same date. If each crime is counted against the other, the order in which each crime is counted does not matter. The same presumptive sentence will result, regardless of the order in which the crimes are considered. However, as Roderick's counsel points out in his supplemental brief, the inclusive rule nonetheless may create different sentencing results. If one defendant pleads to three crimes in separate cases on different dates and is sentenced separately for each crime, the total presumptive sentencing range will be less than for a defendant who pleads to the same three crimes in separate cases on the same date.

Under the inclusive rule, a defendant will face the possibility of a stiffer sentence if pleading to separate crimes in separate cases on the same date, rather than on separate dates. On the other hand, if the inclusive rule is not applied, the reverse occurs: A defendant

convicted separately for three crimes will be exposed to a stiffer sentence than one who pleads to the same three crimes at the same time. Neither the State's nor Roderick's interpretation will eliminate the potential for disparate sentencing results.

The definition of "prior conviction" in K.S.A. 1994 Supp. 21-4710(a) indicates that the legislature did not intend for the HCA *Wilson* rule to apply to the criminal history classification under the guidelines. K.S.A. 1994 Supp. 21-4720(b), which applies to multiple convictions arising from multiple counts within an information, complaint, or indictment, should not apply to multiple convictions entered on the same date in different cases. K.S.A. 1994 Supp. 21-4710(a) is not ambiguous. A "prior conviction," as defined in K.S.A. 1994 Supp. 21-4710(a), includes multiple convictions entered on the same date in different cases for purposes of sentencing for any of those convictions.

In *State v. Harpool*, 246 Kan. 226, 788 P.2d 281 (1990), we sustained the State's appeal on a question reserved and, under K.S.A. 22-3602(b)(3), remanded for resentencing. We emphasized our authority to correct the illegal sentence under K.S.A. 22-3504. 246 Kan. at 229. However, in this case, the trial court determined that Roderick should have a controlling presumptive sentence of 12 months (none of the convictions included in his criminal history score). The inclusive rule we have adopted in interpreting K.S.A. 1994 Supp. 21-4710(a) establishes a controlling presumptive sentence of 18 months. We have not been informed of Roderick's current status; however, it appears that a remand for resentencing would be moot. Generally, appeals by the State on questions reserved presuppose that the case at hand has concluded. *City of Wichita v. Basgall*, 257 Kan. 631, Syl. ¶ 1, 894 P.2d 876 (1995). We apply the general rule here.

The State's appeal on the question reserved is sustained.