No. 75,989

STATE OF KANSAS, *Appellant*, v. JIMMIE R. BUNKER, *Appellee*.

(920 P.2d 403)

Opinion filed July 12, 1996.

*Joe Shepack*, county attorney, argued the cause and was on the brief for appellant.

No appearance for appellee.

The opinion of the court was delivered by

SIX, J.: This is a statutory construction case arising from an arrest for driving under the influence of alcohol. The State appeals, under K.S.A. 22-3602(b)(3), reserving the question of whether the K.S.A. 1995 Supp. 8-1001(f)(4) savings clause for "technical irregularities" applies only to commercial motor vehicle operators. We hold that the 8-1001(f)(4) savings clause is limited to commercial motor vehicle operators and deny the State's appeal.

## FACTS

Bunker was arrested for driving under the influence, violating K.S.A. 1995 Supp. 8-1567. Undersheriff William Salyers requested that Bunker take a breath test, which Bunker refused. Salyers attempted to give Bunker notice, as required under K.S.A. 1995 Supp. 8-1001, using Kansas Department of Revenue Form DC-27 entitled "Officer's Certification and Notice of Suspension." Salyers improperly completed certification on the form by checking certain boxes, instead of initialing them, as required.

At the Kansas Department of Revenue drivers license suspension hearing, Bunker succeeded in defeating the driver's license suspension because of the improperly completed form. The Department of Revenue agreed with Bunker's argument that the sav-

ings clause in K.S.A. 1995 Supp. 8-1001(f)(4) applies only to K.S.A. 8-2,145 notices given to operators of commercial motor vehicles. Bunker was not a commercial motor vehicle operator.

Bunker, in a pretrial motion in limine, sought to keep out any evidence that he had refused to take the breath test. The district court reasoned that K.S.A. 1995 Supp. 8-1001(f)(4) was limited to K.S.A. 8-2,145 notices given to commercial motor vehicle operators. Bunker's refusal to take the test was suppressed, although he was thereafter convicted of drunk driving, in violation of K.S.A. 1995 Supp. 8-1567.

## DISCUSSION

The State submits that its question reserved is one of statewide interest. We agree.

"An appeal on a question reserved under K.S.A. 1994 Supp. 22-3602(b)(3) is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. This court will not entertain a question reserved merely to demonstrate errors of a trial court in rulings adverse to the State. Questions reserved generally presuppose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases." *State v. Roderick*, 259 Kan. 107, Syl. ¶ 1, 911 P.2d 159 (1996).

K.S.A. 1995 Supp. 8-1001(f)(4) provides: "(4) No test shall be suppressed because of technical irregularities *in the consent or notice pursuant to K.S.A. 8-2,145,* and amendments thereto." (Emphasis added.) Because interpretation of K.S.A. 1995 Supp. 8-1001(f)(4) may affect the admissibility of test results or refusals stemming from consents or notices containing "technical irregularities" for drivers in Kansas, this question meets the *Roderick* criteria.

The State argues that the savings clause in 8-1001(f)(4) for "technical irregularities" should affect the implied consent law in general and not be limited only to commercial motor vehicle operators. We do not agree.

Interpretation of a statute is a question of law and, thus, our review is unlimited. *Roderick*, 259 Kan. at 110.

Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from

the statute. When a statute is plain and unambiguous, we must give effect to the intention of the legislature, rather than determine what the law should or should not be. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

Under K.S.A. 1995 Supp. 8-1001(a), all Kansas drivers are deemed to have consented to submit to drug or alcohol tests, subject to the statutory provisions.

K.S.A. 1995 Supp. 8-1001(b) provides in part:

"(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a) if the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, or to believe that the person was driving a *commercial motor vehicle*, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system; and one of the following conditions exists: (1) The person has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both, or involving driving a *commercial motor vehicle*, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system, in violation of a state statute or a city ordinance." (Emphasis added.)

Under 8-1001(f)(1), the officer requesting the test must give oral and written notice to the driver. The driver's refusal to take the test is admissible at trial on the charge of driving while under the influence. When the driver refuses to take the test, the requesting officer must complete and serve on the driver a certification and notice of suspension of driving privileges. K.S.A. 1995 Supp. 8-1002(c).

K.S.A. 8-2,145 is part of the Uniform Commercial Driver's License Act, K.S.A. 8-2,125 *et seq.*, and applies, in addition to 8-1001 and 8-1002, whenever a commercial motor vehicle operator is requested to take a drug or alcohol test. Subsection (a) of 8-2,145 imposes additional notice requirements that the officer requesting the test must give to the commercial motor vehicle operator. Under 8-2,145 (b) through (f), if the commercial operator refuses the test, the officer must complete a certification in addition to the one required under K.S.A. 1995 Supp. 8-1002(a) and serve it and notice of disqualification of commercial driving privileges on the operator.

An alcohol concentration of .08 or greater can result in suspension of regular driving privileges. K.S.A. 1995 Supp. 8-1001(f)(1). An alcohol concentration of .04 or greater can result in suspension of commercial driving privileges. K.S.A. 8-2,142(a).

K.S.A. 1995 Supp. 8-1001 and 8-1002 have many references to 8-2,145 and other provisions of the Uniform Commercial Driver's License Act. See, *e.g.*, 8-1001(b), (f)(1) and (f)(4); 8-1002(a) and (h). These references make clear that the provisions applicable to commercial motor vehicle operators are in addition to, and not in lieu of, the provisions applicable to drivers generally.

K.S.A. 1995 Supp. 8-1001(f)(4) was added by the legislature in an amendment to K.S.A. 8-1001 in 1994. L.1994, ch. 353, § 9. The term "technical irregularities" relates to the consent or notice given to drivers of commercial motor vehicles under K.S.A. 8-2,145, which is in addition to the notice required to be given by the officer requesting the test under 8-1001(f)(1).

Appeal denied.