Richard A. Boeckman Barton County Counselor 1121 Washington, P.O. Drawer 1586 Great Bend, Kansas 67530
Dear Mr. Boeckman:
You have asked whether a board of county commissioners has the authority pursuant to fence viewing statutes to order a fence be moved. You state that a dispute has arisen between two adjoining landowners concerning a division fence. One of the landowners asserts that the fence built by the adjoining landowner is not on the division line between the property of the two landowners, and encroaches up to thirty feet onto his property. The landowner who built the fence asserts that there was an agreement between the parties to build the fence in its present location. There is not a dispute as to whether the fence is a properly constructed fence. One of the parties has asked the Board of County Commissioners of Barton County, acting as fence viewers, to order that the fence be moved to the boundary line dividing the properties as determined by a recent survey. You have enclosed for our consideration numerous letters exchanged by the attorneys for the adjoining landowners. It is your opinion that the Board of County Commissioners is not authorized to order a fence be moved even if it believes the fence is not on the proper boundary line.
Kansas fence laws designate the board of county commissioners of each county as the fence viewers for the county.[1] As fence viewers, the commissioners' jurisdiction is limited to those duties and functions set forth in the statutes.[2] Chapter 29, Article 3 of the Kansas Statutes Annotated addresses partition fences, and includes the following requirement:
"The owners of adjoining lands shall keep up and maintain in good repair all partition fences between them in equal shares, so long as both parties continue to occupy or improve such lands, unless otherwise agreed."[3]
A landowner may complain to the fence viewers to determine whether a partition fence "is insufficient."[4] If the fence viewers determine that the fence "is insufficient," they shall direct the delinquent occupant of the land "to repair or rebuild the same within such time as they may judge reasonable."[5] Fences that meet the statutory construction and composition requirements, or that are determined by the fence viewers to be constructed in a manner that is equivalent to those requirements, "shall be deemed legal and sufficient fences."[6] The statutes do not include the placement or location of a fence in the requirements for a "sufficient" fence.
Controversies over the "rights of respective owners in partition fences, or their obligations to keep up and maintain the same in good repair" can be settled by the fence viewers who shall view the fence "and assign to each party, in writing, his equal share or part of such partition fence, to be by him kept up and maintained in good repair. . . ."[7] Again, there is no mention of the location of the fence. The fence viewers' authority is limited to making an assignment of each party's share of the fence for maintenance purposes.
Fence viewers are further authorized to appraise and assess damages to the land caused by a landowner's neglect to maintain or repair his portion of a partition fence.[8] They may also assess damages resulting from trespassing animals.[9] Finally, fence viewers may determine any damage to the soil caused by the removal of a fence "[w]hen a person has made a fence on an enclosure which afterwards, on making division lines, is found to be on lands of another, and the same has occurred through mistake. . . ."[10] This statute does not authorize the fence viewers to determine the correct placement of a fence, but rather limits them to determining any damages to the soil "when the parties cannot agree as to the damage."[11]
The fundamental rule of statutory construction is that the intent of the Legislature governs when that intent can be determined from the statutes in question. When statutes are plain and unambiguous, courts must give effect to the intent of the Legislature as expressed, rather than determining what the law should or should not be.[12]
Our review of the statutes relating to fences and fence viewers reveals no authority for county commissioners acting as fence viewers to determine whether the location of a division fence is on the correct property line. The fence viewers' authority is limited to determining the sufficiency of a fence's construction, to dividing the responsibility for building and maintaining division fences, and to assessing the costs and damages to the property when one party fails to pay its portion of the construction or maintenance costs, or fails to maintain its portion of the fence. Therefore, we concur with your opinion that a board of county commissioners acting as fence viewers does not have the authority to order that a fence be moved.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 29-201.
[2] See Attorney General Opinion No. 85-54.
[3] K.S.A. 29-301.
[4] K.S.A. 29-302.
[5] Id.
[6] K.S.A. 29-104.
[7] K.S.A. 29-304.
[8] K.S.A. 29-401.
[9] K.S.A. 29-403.
[10] K.S.A. 29-406.
[11] Id.
[12] State v. Roderick, 259 Kan. 107, 110 (1996).