NOT DESIGNATED FOR PUBLICATION

No. 112,961

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELLA JANE HELKO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed April 1, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., BUSER, J., and HEBERT, S.J.


*Per Curiam*: Angella Jane Helko appeals the sentence she received in Saline County case No. 13-CR-622, contending that the trial court sentenced her under an erroneous criminal history score. We disagree and affirm.


*Factual and Procedural Background*

In keeping with a plea agreement, on February 14, 2014, Helko pled no contest in case No. 13-CR-622 to one count of robbery, a severity level 5 person felony in violation

of K.S.A. 2015 Supp. 21-5420(a). On that same day, Helko also entered a plea of no contest to three counts of violating a protective order, a class A person misdemeanor in violation of K.S.A. 2015 Supp. 21-5924(a)(4), in Saline County case No. 13-CR-1247.

On April 17, 2014, both of Helko's cases proceeded to sentencing. Helko's presentencing investigation (PSI) report in case No. 13-CR-622 calculated her criminal history score as a D based in part upon the aggregation of her three misdemeanor convictions in case No. 13-CR-1247 into one person felony under K.S.A. 2015 Supp. 21-6811(a). At the sentencing hearing, the trial judge questioned whether there were "any objection[s] to the criminal history score of 'D' reflected in [the PSI]," and Helko's attorney replied, "No, Your Honor." Moreover, Helko moved for a downward dispositional or durational departure or both. Her attorney attempted to utilize the aggregation of her three misdemeanor convictions as a basis for granting her request.

After entertaining the parties' arguments with respect to Helko's departure request and finding that no substantial and compelling reasons existed for deviating from Helko's presumptive sentence, the trial court sentenced Helko to a prison term of 52 months followed by 24 months' postrelease supervision. Helko later filed this timely appeal.

*Analysis*

Helko contends, without elaboration, that the trial court erroneously calculated her criminal history score. Before addressing the merits of her argument, we note that Helko's failure to object to her criminal history score at sentencing does not prohibit her from challenging the manner in which it was calculated on appeal. Counsel may stipulate to the fact of a prior criminal conviction, but its legal effect, *i.e.*, how it should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score, is not subject to stipulation. *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 4, 350 P.3d 1054 (2015), *writ for cert. filed* September 17, 2015.

Although Helko acknowledges that under the authority of K.S.A. 2015 Supp. 21-6811(a), her criminal history "seems to be correct," she insists that her sentence is incorrect because "her past history did not show a felony." We find, however, that Helko's criminal history score does not only "seem[ ] to be correct," it is fully consistent with the Revised Kansas Sentencing Guidelines Act (RKSGA), K.S.A. 2015 Supp. 21-6801 *et seq*.

Initially, as the State aptly points out, Helko's misdemeanors convictions in case No. 13-CR-1247 qualify as "prior conviction[s]" for criminal history scoring purposes even though she was convicted in case Nos. 13-CR-1247 and 13-CR-622 on the same day and sentenced for both cases at one hearing. See K.S.A. 2015 Supp. 21-6810(a). According to the RKSGA,

> "[a] prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203, and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." K.S.A. 2015 Supp. 21-6810(a).

In other words, "multiple convictions entered on the same date in different cases should be counted in the guidelines criminal history when the sentences for those convictions are determined." *State v. Roderick*, 259 Kan. 107, 115, 911 P.2d 159 (1996); see also *State v. Freimark*, No. 108,839, 2013 WL 5976056, at *2 (Kan. App. 2013) (unpublished opinion) ("when a defendant is convicted of crimes in two separate cases on the same day and sentenced in both cases at one hearing, the convictions in each case are scored against the other case for criminal history purposes"), *rev. denied* 300 Kan. 1105 (2014). Consequently, the trial court correctly factored Helko's misdemeanor convictions in case No. 13-CR-1247 into the criminal history score it used for the purpose of sentencing Helko in case No. 13-CR-622.

Moreover, while Helko's criminal history does not include any felony convictions, the trial court properly aggregated her three misdemeanor convictions in case No. 13-CR-1247 into one person felony. K.S.A. 2015 Supp. 21-6811(a) provides, "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

In conclusion, the trial court properly calculated Helko's criminal history score, as the court appropriately followed the dictates of the RKSGA when it counted Helko's three misdemeanor convictions in case No. 13-CR-1247 and aggregated these offenses into one person felony.

Affirmed.