NOT DESIGNATED FOR PUBLICATION

No. 114,699

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARLIN LONG,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 10, 2016. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.


LEBEN, J.: Marlin Long appeals the district court's denial of his motion to correct an illegal sentence. We granted his motion for summary disposition of the appeal under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).


In a 1998 jury trial, Long was convicted on five counts of rape, two counts of aggravated criminal sodomy, and one count of aggravated burglary. At sentencing, the district court assigned Long a criminal-history score of A—the highest score possible—because of four prior felony convictions that the court classified as person felonies, or crimes against a person. Long was then sentenced to 1,487 months in prison.

In June 2014, acting without an attorney, Long filed a motion asking the district court to set aside his conviction because it was illegal. Long argued that because he had pled guilty to the four prior person felonies on the same day, they could not be viewed as separate convictions. The district court then apparently appointed a public defender to represent Long; in January 2015, that attorney filed two additional motions with the district court arguing that Long's sentence was illegal under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The district court denied Long's motions, and he appealed.

Whether a sentence is illegal is a question of law, so we review Long's appeal independently and without any required deference to the district court. *State v. Collins*, 303 Kan. 472, 473, 362 P.3d 1098 (2015).

*State v. Roderick*, 259 Kan. 107, 911 P.2d 159 (1996), controls the motion Long filed on his own behalf. There, the Kansas Supreme Court held that multiple convictions entered on the same day in different cases are considered separate convictions when calculating a defendant's criminal-history score. 259 Kan. at 116. On April 3, 1994, Long pled guilty in four different burglary cases. So in light of *Roderick*, the district court properly considered Long's prior person-felony convictions as four separate convictions.

The motions filed by Long's attorney fail as well. The cases cited to support Long's position in those motions—*Murdock* and *Dickey*—do not apply here. *Murdock* held that out-of-state convictions that occurred before July 1, 1993, could not be classified as person felonies when determining a person's criminal-history score. 299 Kan. 312, Syl. ¶ 5. But the Kansas Supreme Court overruled *Murdock* last year. *Keel*, 302 Kan. at 589. And even if *Murdock* had not been overruled, it would not help Long. The

2

felony convictions leading to Long's criminal-history score were *in-state* convictions from 1994 for conduct that occurred *after* July 1, 1993. *Dickey* is equally inapplicable. In *Dickey*, the Kansas Supreme Court held that a district court was constitutionally prohibited from classifying Dickey's prior burglary conviction as a person felony because the burglary statute in effect at the time of his conviction (before July 1, 1993) did not require the jury to find that he had committed an act that would make the burglary a person felony under today's rules for classifying criminal convictions when determining the guidelines sentence. 301 Kan. at 1039-40. Nothing in Long's motion explains why he believes *Dickey* applies to his sentencing, and unlike in *Dickey*, the burglary statute in effect at the time of Long's conviction (after July 1, 1993) *did* require the jury to find that he'd committed an act that would make the burglary a person crime under today's rules for classifying convictions.

We therefore conclude that the district court did not err in denying Long's motions to correct an illegal sentence, and we affirm the district court's judgment.