NOT DESIGNATED FOR PUBLICATION

Nos. 122,973
122,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN MICHAEL SPRADLING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 16, 2021. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., WARNER and HURST, JJ.

PER CURIAM: Dustin Spradling was charged with committing various crimes in 2020. At the time, he was awaiting sentencing for convictions in two 2018 cases. The district court held a consolidated plea and sentencing hearing, where Spradling pleaded guilty to the 2020 crimes. The court then included those convictions when calculating his criminal history score in the 2018 cases. Spradling challenges this calculation on appeal, arguing the court should not have considered his 2020 convictions in his criminal history score. But the district court's decision is consistent with well-established Kansas law. We therefore affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In September 2018, the State charged Spradling with intentional criminal threat. The district court issued a protective order prohibiting him from contacting the State's witnesses. Shortly thereafter, he was charged with aggravated kidnapping and criminal damage to property. As before, the court issued a protective order preventing contact with the witnesses in the new case.

Spradling entered into a plea agreement involving both 2018 cases in November 2019. Under the agreement, the State amended the aggravated-kidnapping charge to aggravated battery, and Spradling pleaded guilty to the three charges in the two cases. The court released him on bond pending sentencing. But in January 2020, the court revoked Spradling's bond after the State charged him with committing new crimes.

In June 2020, the court held a combined plea hearing (for the 2020 case) and sentencing hearing (for the two 2018 cases and the 2020 case). Spradling pleaded guilty to two counts of violation of a protective order and one count of criminal damage to property in the 2020 case. The court then proceeded to sentencing.

Before entering his plea in the 2020 case, Spradling had a criminal history score of D, as he had previously been convicted of a person felony and two person misdemeanors. After pleading in the 2020 case, Spradling had four person misdemeanors. The court converted three misdemeanors to one person felony, resulting in a criminal history score of B in the 2018 cases. Using this higher score, the court sentenced Spradling to a controlling 46-month prison sentence. Spradling appeals.

DISCUSSION

Courts impose a sentence based on a crime's severity level and a defendant's criminal history score. See K.S.A. 2020 Supp. 21-6804(c)-(d). To calculate this score, courts must determine the number and type of a defendant's prior convictions. K.S.A. 2020 Supp. 21-6810(a), (d)(1), (d)(10); see also K.S.A. 2020 Supp. 21-6804(a) (in nondrug offenses, setting forth criminal history scores based on number and type of prior convictions). A prior conviction is

"any conviction, other than another count in the current case, which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203, and amendments thereto, *which occurred prior to sentencing in the current case*, regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." (Emphasis added.) K.S.A. 2020 Supp. 21-6810(a).

Spradling argues that the district court erred when it used his 2020 convictions to calculate his criminal history score for the 2018 cases. He asserts that K.S.A. 2020 Supp. 21-6810(a)'s reference to "sentencing" when defining prior convictions was intended to reference a separate sentencing *hearing*—meaning a prior conviction can only be used for criminal history purposes if that conviction has been established before (and separate from) the sentencing hearing. Because the district court held a combined plea and sentencing hearing in his case, Spradling argues that the court could not consider his new convictions when calculating his criminal history. There are at least two reasons why we find this argument lacks merit.

*First*, K.S.A. 2020 Supp. 21-6810(a) defines prior conviction as convictions that occur "prior to sentencing in the current case," not as convictions that are entered—as Spradling urges—before *a separate sentencing hearing*. Spradling's argument would require us to add language to the statute, which appellate courts cannot do. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 6, 357 P.3d 251 (2015). Instead, we must give effect to the

language the legislature has chosen. 302 Kan. 560, Syl. ¶ 6. The Kansas Supreme Court has described sentencing as occurring "when the trial court pronounces the sentence from the bench." *State v. Simmons*, 307 Kan. 38, 41, 405 P.3d 1190 (2017). Spradling entered his plea in the 2020 case before the court sentenced him in any of the three pending cases. Thus, based on K.S.A. 2020 Supp. 21-6810(a) and Kansas Supreme Court precedent, these convictions were entered "prior to sentencing," and the court properly incorporated Spradling's 2020 convictions into his criminal history score.

*Second*, the Kansas Supreme Court has long recognized that convictions arising from pleas made the same day as sentencing in multiple conviction cases are considered when calculating a person's criminal history. See *State v. Roderick*, 259 Kan. 107, 911 P.2d 159 (1996). In *Roderick*, the defendant pleaded guilty on the same day to charges arising from three separate cases. The court held that in multiple conviction cases, the plain meaning of "prior conviction" allows a sentencing court to calculate a criminal history score in each case by using the convictions in the other cases. 259 Kan. at 115. This court is duty-bound to follow Kansas Supreme Court precedent, and we have no reason to believe the court is discarding its longstanding position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Spradling argues that *Roderick* actually supports his argument, as it noted that a defendant who "pleads to three crimes in separate cases on different dates and is sentenced separately for each crime" will receive a shorter presumptive sentencing range than someone who "pleads to the same three crimes in separate cases on the same date." 259 Kan. at 115. But Spradling misreads *Roderick*. There, the court was observing that its holding could lead to some sentencing discrepancies if people were sentenced on different dates (which may be before pleas are entered in other case) in multiple-conviction cases. This reality rings true here; Spradling's criminal history score would have been different if he had been sentenced in the 2018 cases before he entered his plea in the 2020 case. But the fact that Spradling's cases were sentenced at the same hearing—

4

and after he pleaded guilty in the 2020 case—properly changed the district court's analysis.

Spradling pleaded guilty to his 2020 convictions before sentencing occurred in his 2018 cases. The district court did not err when it included Spradling's 2020 convictions in his criminal history score at sentencing.

Affirmed.