No. 110,393

STATE OF KANSAS, *Appellant*, v. DARWIN ESTOL WYCOFF,
*Appellee*.

(367 P.3d 1258)

Opinion filed
February 26, 2016.

*Brock R. Abbey,* assistant county attorney, argued the cause, and *Ellen Mitchell,* county attorney, and *Derek Schmidt,* attorney general, were on the brief with him for appellant.

*Roger D. Struble,* of Blackwell & Struble, LLC, of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Darwin Estol Wycoff, like the defendant in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016), this day decided, challenges the constitutionality of K.S.A. 2014 Supp. 8-1025. In *Ryce*, we hold that 8-1025 is facially unconstitutional. Based on our decision in *Ryce*, we affirm the district court's decision to dismiss the charge against Wycoff that alleged a violation of 8-1025.

### FACTS AND PROCEDURAL BACKGROUND

On an afternoon in December 2012, a Salina Police Department officer noticed a vehicle starting and stopping quickly multiple times, squealing its tires. When the vehicle made an improper turn, the officer initiated a traffic stop.

As the officer approached the driver, who was later identified as Wycoff, the officer noticed the odor of alcohol. Wycoff spoke to

the officer with slurred speech, and his eyes were watery. Wycoff's driver's license revealed that he was required to have an ignition interlock device, but the device was not equipped on the vehicle Wycoff was driving. Though the officer asked Wycoff to perform field sobriety tests, Wycoff refused. After being transported to the Saline County Jail under arrest, Wycoff refused to submit to a breath test. The State charged Wycoff with driving under the influence, refusing to submit to an evidentiary test under 8-1025, driving in violation of license restrictions, failure to provide proof of insurance, and turning without signaling.

Wycoff filed a motion to dismiss or suppress evidence, arguing that 8-1025 was unconstitutional. He challenged the statute on numerous grounds, arguing that it violated the Fourth Amendment prohibition on unreasonable searches, the Fifth Amendment privilege against self-incrimination, the doctrine of unconstitutional conditions, and due process requirements. After a hearing on the motion, the district court rejected the majority of Wycoff's claims. But the court did conclude that 8-1025, which criminalized Wycoff's test refusal, was unconstitutional under the Fourth Amendment and also imposed an unconstitutional condition on the privilege to drive. The State dismissed the remaining charges against Wycoff and appealed to this court.

## ANALYSIS

Wycoff essentially raises the same issues as did the defendant in *Ryce*. In that decision we hold that K.S.A. 2014 Supp. 8-1025 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and is facially unconstitutional. 303 Kan. at 903. Those holdings are equally applicable to Wycoff and resolve his case.

Although the reasons for our decision in *Ryce* differ from those of the district court decision in this case, an appellate court can affirm the district court if the court was right for the wrong reason. *State v. May*, 293 Kan. 858, 870, 269 P.3d 1260 (2012). We, therefore, affirm the district court's decision to dismiss the charge against Wycoff that alleged a violation of K.S.A. 2014 Supp. 8-1025.

Affirmed.

\* \* \*

STEGALL, J., dissenting: For the reasons set forth in my dissent in *State v. Ryce*, 303 Kan. 899, 964-72, 368 P.3d 342 (2016), I dissent.