No. 112,009

STATE OF KANSAS, *Appellant*, v. DERICK A. WILSON, *Appellee*.

(368 P.3d 1086)

Opinion filed February 26, 2016.

*Jodi E. Litfin,* assistant district attorney, argued the cause, and *Chadwick J. Taylor,* district attorney, and *Derek Schmidt,* attorney general, were with her on the brief for appellant.

*Kevin P. Shepherd,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Derick A. Wilson, like the defendant in *State v. Ryce,* 303 Kan. 899, 368 P.3d 342 (2016), challenges the constitutionality of K.S.A. 2014 Supp. 8-1025. In *Ryce,* we hold that 8-1025 is facially unconstitutional. Based on our decision in *Ryce,* we affirm the district court's decision to dismiss the charge against Wilson that alleged a violation of 8-1025.

## FACTS AND BACKGROUND PROCEDURAL

On an early March morning in 2013, a Shawnee County Sheriff's Deputy stopped a vehicle for an improper turn. The deputy smelled the odor of alcohol while speaking with the driver, Wilson. Wilson admitted that he had been drinking, and he exhibited several clues of impairment when the deputy asked him to perform standard field sobriety tests. At the scene, Wilson refused to perform a preliminary breath test.

The deputy arrested Wilson and took him to the law enforcement center. After reading Wilson the implied consent advisory, Wilson refused to provide a breath sample for testing. So the deputy applied for and received a warrant to search Wilson's blood. Security and sheriff's deputies had to hold Wilson down to obtain a blood sample. Later testing revealed that Wilson's blood alcohol content was .18—over the legal limit. The State charged Wilson with multiple counts, including: driving under the influence, refusing to submit to testing under K.S.A. 2014 Supp. 8-1025, interference with law enforcement under K.S.A. 2014 Supp. 21-5904(a)(3), refusing to submit to a preliminary breath test, driving while suspended, and improper left turn.

Wilson filed a motion to dismiss and argued K.S.A. 2014 Supp. 8-1025 was unconstitutional because it criminalized the refusal to consent to a search that is unreasonable under the Fourth Amendment. In addition, he claimed K.S.A. 2014 Supp. 8-1025 violated the Fifth Amendment privilege against compelled self-incrimination because refusing a search constituted a crime.

After a hearing on Wilson's motion, the district court concluded that while 8-1025 did not violate the Fourth Amendment, it did violate due process rights. It recognized Wilson was only subjected to a search pursuant to a warrant, which rendered the search reasonable under the Fourth Amendment. Nevertheless, focusing on the fact that Wilson was charged with a separate crime under 8-1025 for refusing to submit to a warrantless search despite his Fourth Amendment right to insist that a search not proceed until officers obtained a warrant, the district court found that criminalizing this assertion of a constitutional right violated due process.

In addition, the district court found 8-1025 violated the Fifth Amendment privilege against compelled self-incrimination. It reasoned that 8-1025 compels a person to make an incriminating statement by refusing a test, a statement which is no longer mere evidence of a crime but instead a crime itself. And because a suspect must give up his or her Fifth Amendment rights to assert his or her Fourth Amendment rights, the district court turned to the doctrine of unconstitutional conditions as an alternative basis for finding 8-1025 unconstitutional. The district court declined to find,

however, that Wilson's Sixth Amendment right to counsel was violated when he was asked to submit to an evidentiary test without the assistance of counsel. It also concluded 8-1025 was not void for vagueness. The court later dismissed the remaining charges against Wilson, and this court retained jurisdiction over the State's premature notice of appeal. The 8-1025 refusal charge is the only count before this court; the State based that charge on Wilson's refusal to submit to the initially requested test under K.S.A. 2014 Supp. 8-1001. This appeal does not involve the additional charges arising from Wilson's later refusal to submit to the search authorized by a warrant.

## ANALYSIS

Wilson essentially raises the same issues as did the defendant in *Ryce*. In that decision we hold that K.S.A. 2014 Supp. 8-1025, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and is facially unconstitutional. 303 Kan. at 903. Those holdings are equally applicable to Wilson and resolve his case.

Although the reasons for our decision in *Ryce* differ in some respects from those of the district court in this case, we reach the same result and for many of the same reasons. We can, therefore, still affirm the district court. *State v. May*, 293 Kan. 858, 870, 269 P.3d 1260 (2012) (appellate court can affirm even if reasoning differs from district court). We accordingly affirm the district court's decision to dismiss the charge against Wilson that alleged a violation of K.S.A. 2014 Supp. 8-1025.

Affirmed.

\* \* \*

STEGALL, J., dissenting: For the reasons set forth in my dissent in *State v. Ryce*, 303 Kan. 899, 964-72, 368 P.3d 342 (2016), I dissent.