NOT DESIGNATED FOR PUBLICATION

No. 116,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LAWRENCE GOLDBLATT,
*Appellant*,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS.
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM MAHONEY, judge. Opinion filed June 16, 2017. Affirmed.

*Lawrence Goldblatt*, appellant pro se.

*Patrick M. Waters*, legal department, of Unified Government of Wyandotte County/Kansas City, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  Lawrence Goldblatt appeals the district court's order dismissing his appeal of the renewal of a special use permit with "stipulations" imposed on a restaurant and bar by the Unified Government of Wyandotte County/Kansas City, Kansas (Unified Government). The district court ruled that Goldblatt lacked standing to proceed with the lawsuit because he was not an aggrieved party as required by K.S.A. 12-760. Upon our review of the petition, the record on appeal, and the briefs filed by the parties, we affirm the district court's ruling dismissing Goldblatt's petition.

1

FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2014, Medina Enterprises LLC filed an application for renewal of a special use permit for a restaurant and bar in Kansas City, Kansas. The business had both a drinking establishment license and an entertainment license. On October 30, 2014, the Unified Government's planning commission unanimously approved the special use permit. Because the drinking establishment was located within 100 feet of a residence, however, the planning commission concluded that Unified Government Ordinance 27-464(c)(9), which regulates zoning in business districts, applied to the issuance of the permit. The ordinance provided that retail businesses with parking lots located within 100 feet of any residence may only operate between 6 a.m. and 1 a.m. This interpretation by the planning commission resulted in the requirement that the business close 1 hour earlier than previously required.

On December 1, 2014, Goldblatt, an architect for the property, filed an appeal of the planning commission's issuance of the special use permit in the Wyandotte County District Court. The Unified Government was named as the defendant. Goldblatt complained of the requirement that mandated the business must close at 1 a.m. due to the nearby location of a residence. On December 2, 2015, the Unified Government filed a motion to dismiss the appeal for, among other reasons, lack of standing and lack of subject matter jurisdiction due to Goldblatt's failure to exhaust administrative remedies. Goldblatt filed a response to the motion.

On January 22, 2016, the district court held a hearing on the motion to dismiss. After considering the arguments, the district court ruled that Goldblatt did not have standing to challenge the issuance of the permit or the planning commission's application of the zoning ordinance and granted the motion to dismiss.

Before the parties could agree upon the journal entry of dismissal, Goldblatt filed several motions. The district court entered an order reopening the case and setting the motions for hearing. A hearing was held on March 31, 2016, and later that same day a journal entry was filed dismissing Goldblatt's case with prejudice due to lack of standing. The district court determined that the property owners could have appealed the planning commission's decision regarding the 1 a.m. closing time or the special use permit but they failed to do so.

On April 11, 2016, Goldblatt filed a motion for reconsideration of the district court's decision which was denied by the district court. On May 13, 2016, Goldblatt filed a notice of appeal.

IMPARTIALITY OF THE DISTRICT JUDGE

As a preliminary matter, Goldblatt contends for the first time on appeal that the district judge erred in failing to inform him that the judge was an employee of the Unified Government. Goldblatt asserts that, given this purported fact, a reasonable person would conclude there was impropriety or an appearance of impropriety, and if he had known this, he would have "immediately filed for a change of judge outside of the Wyandotte County Courthouse."

The Unified Government responds that our court should not consider this issue because Goldblatt failed to comply with Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). That rule requires an appellant to explain why an issue was not raised below and why it should be considered for the first time on appeal. We agree with the Unified Government. Supreme Court Rule 6.02(a)(5) was not complied with in this instance. We find this issue is waived or abandoned on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011).

3

As to the merits of Goldblatt's argument, however, it should be noted that the State of Kansas pays the salaries of district judges which are established by K.S.A. 2016 Supp. 75-3120g, and subsection (d) provides that "[n]o county may supplement the salary of, or pay any compensation to, any district judge." Goldblatt's argument is not meritorious.

STANDING

Next, Goldblatt contends the district court erred in concluding that he did not have standing to bring this appeal of the planning commission's ruling on the special use permit. In its journal entry dismissing Goldblatt's appeal, the district court stated:

"1. Plaintiff lacks standing to bring this appeal under K.S.A. 12-760. The Court therefore lacks subject matter jurisdiction over Plaintiff's claims pursuant to K.S.A. 60-212(b)(1). Plaintiff is not a 'person aggrieved' within the meaning of K.S.A. 12-760. The proper person to bring such a suit is the property owner. Plaintiff is only an agent of the property owner, not its legal representative.

"2. The property owner could have appealed the Planning Director's decision regarding the 1:00 a.m. closing time before the Board of Zoning Appeals, but they failed to do so. Likewise, the property owner could have appealed the approval of Special Use Permit at issue in this case, but they failed to do so."

Preliminarily, we summarize our standards of review and general Kansas law pertaining to standing. Standing is the "right to make a legal claim or seek enforcement of a duty or right." *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 (2014). "The question of standing is one of law over which this court's scope of review is unlimited." 298 Kan. at 1122. Because standing is an aspect of subject matter jurisdiction, the issue may be raised by the parties or the court at any time. *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007). The burden to establish standing is on the party asserting it. *Gannon*, 298 Kan. at 1123.

To have standing, a plaintiff must have a "'sufficient stake in the outcome of an otherwise justiciable controversy in order to obtain judicial resolution of that controversy.' [Citation omitted.]" 298 Kan. at 1122. "Under Kansas law, in order to establish standing, a plaintiff must show that (1) he or she suffered a cognizable injury and (2) there is a causal connection between the injury and the challenged conduct." *Solomon v. State*, 303 Kan. 512, 521, 364 P.3d 536 (2015). A cognizable injury is when a plaintiff shows a "'personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct.' [Citation omitted.]" 303 Kan. at 521. "The injury must be particularized, *i.e.*, it must affect the plaintiff in a ""personal and individual way."" *Gannon*, 298 Kan. at 1123.

Goldblatt claims he has standing as an affected or aggrieved person under the Kansas Administrative Procedure Act because he entered into a contract with the property owners and Martita Medina, a member of Medina Enterprises LLC for architecture, planning, and redevelopment services. Goldblatt maintains that he brought the lawsuit on his own behalf as an aggrieved party who could not complete his contract with the owners and operators of the property due to the issuance of this particular special use permit. Additionally, Goldblatt cites K.S.A. 2013 Supp. 74-7003(d)(1), which gives a definition of *architect* that states that one aspect of an architect's practice is "representation in connection with contracts entered into between clients and others." See also K.S.A. 2016 Supp. 74-7003(g)(1) (containing the same language and made applicable to the definition of *architecture* through K.S.A. 2016 Supp. 74-7003[c][2]).

For its part, the Unified Government contends that Goldblatt does not have standing because he is not a "person aggrieved" within the meaning of K.S.A. 12-760 which states: "Within 30 days of the final decision of the city or county, any *person aggrieved* thereby may maintain an action in the district court of the county to determine the reasonableness of such final decision." (Emphasis added.) The Unified Government's position is that Goldblatt is not a person aggrieved because he is neither the property

5

owner nor the business owner of the business affected by the special use permit. As counsel for the Unified Government argued in district court:

> "Allowing someone such as the Plaintiff to challenge every special use permit determination would open up the world to endless possibilities. You could see—what if the bartender thought that he should get more tips because the restaurant should be open until two [o'clock] instead of one [o'clock]. How about the beer distributor who says that he's losing an hour's worth of beer sales. You could see that this would just expand infinitely to the number of people who commit some vague speculative claim that decisions somehow affected them. But the legislature did not intend for these types of indirect effects to confer standing. Only those who have been substantially aggrieved and whose personal property or pecuniary interests have been directly affected have standing under K.S.A. 12-760."

It is uncontroverted that Goldblatt is not the property owner or owner of the business operating on the property. He is also not the legal representative for either of those owners. Rather, Goldblatt is bringing this lawsuit as the "architect and planner" under contract with the property owner. The critical question is whether Goldblatt, as a third party, has sufficient interests in the property or business that he may claim to be an aggrieved party due to the planning commission's issuance of the special use permit.

The State appropriately concedes that third parties may show a sufficient stake in a justiciable case or controversy to have standing under K.S.A. 12-760. For example, in *Tri-County Concerned Citizens, Inc. v. Board of Harper County Comm'rs*, 32 Kan. App. 2d 1168, 1174, 95 P.3d 1012 (2004), our court held that an environmental association had standing to challenge issuance of a special use permit to a waste disposal company to build a landfill. Our court concluded that because members of the association lived within 1,000 feet of the proposed landfill they were at risk of suffering "a substantial grievance and a loss of pecuniary interest." 32 Kan. App. 2d at 1175. See *Hacker v. Sedgwick County*, 48 Kan. App. 2d 164, 171, 286 P.3d 222 (2012).

6

In deciding the case, our court in *Tri-County Concerned Citizens, Inc.*, cited Kansas Supreme Court precedent for the definition of person "aggrieved":

> """A party is aggrieved whose legal right is invaded by an act complained of or whose pecuniary interest is directly affected by the order. The term refers to *substantial grievance*, a denial of some personal or property right, or the imposition upon a party of some burden or obligation. In this sense it does not refer to persons who may happen to entertain desires on the subject, but only to those whose pecuniary interest may be affected. [Citations omitted.]""" (Emphasis added.) 32 Kan. App. 2d at 1174 (quoting *Fairfax Drainage District v. City of Kansas City*, 190 Kan. 308, 314-15, 374 P.2d 35 [1962]).

Goldblatt's assertions in his petition do not state that he has suffered any *substantial* grievance by the issuance of the special use permit. Nor does he show how his pecuniary interests would be directly affected by the issuance of the special use permit, how it would deny him a personal or property right, or how it would impose a burden or obligation upon him. The crux of Goldblatt's complaint appears to be the 1-hour difference in the closing time of the business that he does not own or operate. Upon our review of his petition, his arguments made to the district court and his appellant's brief, we are not persuaded that he has asserted a substantial grievance sufficient to merit standing. On the contrary, we agree with the district court that Goldblatt's personal connection to the property and business is tenuous. Moreover, his claimed interest is not substantial but largely speculative.

Regarding Goldblatt's additional argument that he was entitled to file this lawsuit under his authority as an architect to represent clients, Kansas law does provide that an architect may represent a client in connection with contracts entered into between the clients and others. K.S.A. 2016 Supp. 74-7003(g)(1); K.S.A. 2013 Supp. 74-7003(d)(2). That statute defining an architect's duties, however, does not mention contracting with a client to obtain a specific zoning regulation on a building. See K.S.A. 2016 Supp. 74-

7

7003. Nor does the statute provide an architect with standing to file a lawsuit because a governmental entity places a restriction on a client's property which the architect does not approve.

In summary, we find no error in the district court's factual findings or legal conclusion that Goldblatt failed to show standing to pursue this matter in the district court. Accordingly, the appeal to the district court was appropriately dismissed.

Despite this holding, we next consider the Unified Government's alternative argument that we also may uphold the district court's dismissal because Goldblatt failed to exhaust his administrative remedies before filing his appeal in the district court. See *State v. Wycoff*, 303 Kan. 885, 886, 367 P.3d 1258 (2016) (stating that "an appellate court can affirm the district court if the court was right for the wrong reason").

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Unified Government contends that even if Goldblatt had standing as a person aggrieved, the district court lacked subject matter jurisdiction because Goldblatt failed to exhaust his administrative remedies with the zoning commission before filing his lawsuit in district court. As a result, this court should dismiss the case for failure to exhaust administrative remedies.

Whether a party is required to or has failed to exhaust its administrative remedies is a question of law over which the appellate court's review is unlimited. *Consumer Law Associates v. Stork*, 47 Kan. App. 2d 208, 213, 276 P.3d 226 (2012), *disagreed with on other grounds by Hays v. Ruther*, 298 Kan. 402, 406-07, 313 P.3d 782 (2013). There is no inherent appellate jurisdiction in any court over official acts of administrative officials or boards. A statute, however, may provide for judicial review. Absent such a statutory provision, appellate review of administrative decisions is limited to claims of relief from

8

illegal, fraudulent, or oppressive official conduct through the equitable remedies of quo warranto, mandamus, or injunction. *Barnes v. Board of Cowley County Comm'rs*, 293 Kan. 11, 17, 259 P.3d 725 (2011).

Goldblatt is claiming standing under K.S.A. 12-760 as a person aggrieved by the Unified Government's planning and zoning decisions. But K.S.A. 12-760 allows a person aggrieved by a zoning decision to maintain an action in district court within 30 days of the *final decision* of the city or county. In this case, Goldblatt filed a notice of appeal in district court attempting to appeal the October 30, 2014, decision of the Unified Government's planning commission in response to Goldblatt's client's application for an extension of its special use permit. This was not a final decision.

K.S.A. 12-759(a) states that any governing body that has enacted zoning ordinances or resolutions must also adopt an ordinance or resolution creating a board of zoning appeals. Relevant to this case, Article III of Chapter 27 of the Unified Government Code of Ordinances creates the Board of Zoning Appeals to review decisions of the Unified Government's planning commission, which is, in turn, established by Article II of Chapter 27 ([http://online.encodeplus.com/regs/kansascity-ks/doc-viewer.aspx?secid=1#secid-1](http://online.encodeplus.com/regs/kansascity-ks/doc-viewer.aspx?secid=1#secid-1)).

K.S.A. 12-759(d) provides:

> "Appeals to the board of zoning appeals may be taken by any person aggrieved, or by any officer of the city, county or any governmental agency or body affected by any decision of the officer administering the provisions of the zoning ordinance or resolution. Such appeal shall be taken within a reasonable time as provided by the rules of the board, by filing a notice of appeal specifying the grounds thereof and the payment of the fee required therefor."

9

The Code of Ordinances also complies with K.S.A. 12-759(d) by providing that a person aggrieved by an adverse decision of the planning commission may appeal an adverse decision to the Board of Zoning Appeals as follows:

> "*Process*. Appeals to the board of zoning appeals may be taken by any person aggrieved, or by any officer of the unified government or any governmental agency or body affected by any decision of the director of planning or the building official. Such appeal shall be taken within 30 days of the final decision by filing with the director of planning and a notice of appeal specifying the grounds thereof and the payment of the fee required therefore." Unified Government Code of Ordinances Sec. 27-217.

Assuming for purposes of argument that Goldblatt qualified as a person aggrieved and, therefore, had standing to sue, he failed to exhaust his administrative remedies by not appealing to the Board of Zoning Appeals within 30 days of the planning commission's decision that Medina Enterprises LLC was required to conform to the most recent zoning ordinances. Only by exhausting his administrative remedies by receiving an adverse ruling from the Board of Zoning Appeals could Goldblatt have then appealed to the district court. See K.S.A. 12-759(f). Because he failed to do so, the district court could have properly dismissed Goldblatt's claims for failure to exhaust his administrative remedies. See *Rebel v. Kansas Dept. of Revenue*, 288 Kan. 419, 427, 204 P.3d 551 (2009) (stating "if a person does not exhaust all available and adequate administrative remedies before filing a petition for judicial review of an agency action, the district court lacks subject matter jurisdiction to consider the contents of the petition"); *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009) (stating the general rule that administrative remedies must be exhausted before judicial review is permissible).

In summary, while we affirm the district court's dismissal of Goldblatts' appeal to the district court due to lack of standing, we also conclude that if Goldblatt had standing

he was foreclosed from prosecuting an appeal due to his failure to exhaust administrative remedies.

Finally, on related matters, Goldblatt argues that the district court "erred when it denied Plaintiff's Constitutional right to be heard and present evidence to support his claims" and "erred when it ruled against the weight of evidence." In response, the Unified Government argues that, among other things, these issues should not be considered because Goldblatt failed to comply with Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34).

As noted earlier, issues not raised before the district court may not be raised on appeal. *Wolfe Electric, Inc.*, 293 Kan. at 403. Indeed, even constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Although there are exceptions to this rule, Goldblatt does not claim that any exceptions are applicable in this case. See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

Moreover, rules of the Kansas Supreme Court are also relevant to whether these two issues are properly before us. Supreme Court Rule 6.02(a)(5) requires appellants to begin each issue with a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. And if the issue was not raised below, "there must be an explanation why the issue is properly before the court." Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35).

With regard to these two issues, Goldblatt does not comply with this procedural requirement. This is a significant failure. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or

11

abandoned. Thereafter, the Supreme Court has held that Rule 6.02(a)(5) would be strictly enforced. *Godfrey*, 301 Kan. at 1044. We conclude these two issues on appeal are waived or abandoned.

Affirmed.