OPINION ON REHEARING


IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,393

STATE OF KANSAS,
*Appellant*,


v.


DARWIN ESTOL WYCOFF,
*Appellee*.


SYLLABUS BY THE COURT



K.S.A. 2016 Supp. 8-1025 is facially unconstitutional.


Appeal from Saline District Court; JARED B. JOHNSON, judge. Original opinion filed 303 Kan. 885, 367 P.3d 1258 (2016). Opinion on rehearing filed June 30, 2017. Affirmed.


*Natalie A. Chalmers,* assistant solicitor general, and *Derek Schmidt,* attorney general, were on the supplemental brief for appellant. *Brock R. Abbey,* assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the original brief for appellant.


*Roger D. Struble*, of Blackwell & Struble, LLC, of Salina, was on the briefs for appellee.


The opinion of the court was delivered by


LUCKERT, J.:  Darwin Estol Wycoff, like the defendant in *State v. Ryce*, 306 Kan. ___, ___ P.3d ___ (No. 111,698, this day decided) (*Ryce II*), challenges the constitutionality of K.S.A. 2016 Supp. 8-1025. In *State v. Ryce*, 303 Kan. 899, 368 P.3d

1

342 (2016) (*Ryce I*), we held that 8-1025 is facially unconstitutional. In this case, based on our analysis in *Ryce I*, we affirmed the district court's decision to dismiss the charge against Wycoff that alleged a violation of 8-1025. See *State v. Wycoff*, 303 Kan. 885, 367 P.3d 1258 (2016) (*Wycoff I*).

After we issued our decision in *Ryce I* and *Wycoff I*, the State timely filed a motion seeking to stay the mandate until the United States Supreme Court issued a decision in three consolidated cases addressing a similar issue regarding Minnesota and North Dakota statutes that made it a crime to refuse blood alcohol content testing. We granted that motion and, once the United States Supreme Court issued its decision in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), allowed the parties to submit additional briefs.

After considering those additional briefs and the effect of *Birchfield* on *Ryce I* and *Wycoff I*, we once again in *Ryce II* determine that K.S.A. 2016 Supp. 8-1025 is facially unconstitutional. While *Birchfield* requires some modification of our analysis, nothing in the United States Supreme Court's decision alters the ultimate basis for *Ryce I*: the state law grounds of statutory interpretation of 8-1025 and the statute on which it depends, K.S.A. 2016 Supp. 8-1001.

For the reasons more fully set forth in *Ryce I* and *Ryce II*, we accordingly affirm the district court's decision to dismiss the charge against Wycoff that alleged a violation of K.S.A. 2016 Supp. 8-1025.

Affirmed.

ROSEN, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

* * *

STEGALL, J., dissenting:  For the reasons set forth in my earlier dissent in *State v. Ryce*, 303 Kan. 889, 964-72, 368 P.3d 342 (2016), I dissent.

---

[1]**REPORTER'S NOTE:**  Senior Judge Malone was appointed to hear case No. 110,393 vice Justice Rosen under the authority vested in the Supreme Court by K.S.A. 20-2616.