NOT DESIGNATED FOR PUBLICATION

No. 113,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GLEN VERNON BASSETT,
*Appellant*.


MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed November 22, 2017. Reversed.


*Reid T. Nelson*, of Capital and Conflicts Appeals Office, for appellant.


*Jamie L. Karasek*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Glen Vernon Bassett appeals his bench trial conviction for criminal refusal of an evidentiary blood test. Under our Supreme Court's decisions in *State v. Wycoff*, 303 Kan. 885, 367 P.3d 1258 (2016), and *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*), Bassett is correct. *Wycoff* and *Ryce II* require dismissal of the charge. Reversed.

1

On March 9, 2014, Bassett was arrested for driving under the influence of alcohol (DUI). The arresting officer requested Bassett submit to an evidentiary blood draw. Bassett refused testing. He was charged with DUI, refusal of an evidentiary blood test, refusal of a preliminary breath test, and speeding. Prior to trial, he filed a motion to dismiss and motion to suppress evidence, arguing Kansas' criminal refusal statute was unconstitutional and further arguing evidence of his refusal was unlawfully obtained. The district court denied his motions. Bassett was convicted of all charges following a bench trial. He was sentenced by the district court accordingly on each charge.

ANALYSIS

Bassett raises one issue on appeal, arguing the charge of criminal refusal of an evidentiary blood test is unconstitutional and should have been dismissed. He asserts the statute defining the charge is unconstitutional and, therefore, unenforceable. The constitutionality of a statute is a question of law subject to unlimited review. *State v. Ryce*, 303 Kan. 899, 905, 368 P.3d 342 (2016) (*Ryce I*). After he filed his brief, Bassett submitted a supplemental letter of authority pursuant to Supreme Court Rule 6.09(b) (2017 Kan. S. Ct. R. 39), citing to *Wycoff*, 303 Kan. 885. Bassett correctly argues *Wycoff* controls.

*Wycoff* was predicated on *Ryce I*, wherein our Supreme Court found Kansas' criminal refusal statute, K.S.A. 2016 Supp. 8-1025, facially unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution. See *Wycoff*, 303 Kan. at 886; *Ryce I*, 303 Kan. at 963. On rehearing, our Supreme Court adhered to its decision in *Ryce I*. See *Ryce II*, 306 Kan. at 700. These decisions are controlling on this issue. Since our Supreme Court found K.S.A. 2016 Supp. 8-1025 to be unconstitutional,

we are duty bound to reverse Basset's conviction for criminal refusal of an evidentiary blood test.

Bassett raises additional arguments in his brief regarding the suppression of evidence of his refusal. However, based on our holding, these issues are moot, and we decline to address Bassett's additional arguments.

Reversed.