NOT DESIGNATED FOR PUBLICATION

No. 127,646

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

RONALD GRELLY CRAYTON JR.,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY MCCARTHY, judge. Submitted without oral argument. Opinion filed March 14, 2025. Reversed and remanded with directions.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellant.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellee.

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: The State of Kansas filed this interlocutory appeal after the district court granted Ronald Grelly Crayton Jr.'s motion to exclude consideration of his prior out-of-state convictions for driving while intoxicated (DWI). In 2007, the State of New York charged Crayton with two counts of DWI in the same indictment, although the offenses undeniably occurred on different dates, and Crayton pled guilty to both counts.

The district court in this case determined that Crayton's two prior New York convictions should only count as one for purposes of elevating the severity level of his

current DUI offense. As a direct result of that decision, the State would be limited to charging Crayton with only a misdemeanor DUI as opposed to a felony level offense. Following a thorough review of the case we find that the district court relied on an outdated rule in arriving at its decision. The plain language of the DUI statute reflects that the Legislature intended for all of Crayton's prior convictions to count when establishing the severity level for an offense. Accordingly, the decision of the district court is reversed, and Crayton's case is remanded for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2022, the State charged Crayton with driving under the influence (DUI). The complaint alleged that Crayton had three or more prior DUI convictions, elevating his current offense to a severity level 6 nonperson felony in violation of K.S.A. 8-1567(a)(1), (a)(3), (b)(1)(E).

The charging affidavit alleged that Crayton had multiple prior convictions for DWI out of Erie County, New York, between 2006 and 2007. Specifically, Crayton was convicted of one count of DWI in 2006. Then in 2007, Erie County charged him with two DWI offenses in the same indictment, with each count having occurred on different dates, March 8, 2007, and May 19, 2007. Crayton pleaded guilty to both counts later that year.

Crayton moved to exclude his prior New York DWI convictions as incomparable with the Kansas DUI offense. He further asserted that because the offenses were charged in a single indictment they should only be scored as a single conviction under K.S.A. 8-1567(i)(1), and *State v. Roderick*, 259 Kan. 107, 911 P.2d 159 (1996).

The district court conducted a hearing on Crayton's motion and found that his New York DWI offenses and Kansas DUI offenses were comparable. However, it also adopted

2

Crayton's second argument and concluded that his two 2007 New York DWI convictions could only be scored as a single offense.

The State now brings its interlocutory appeal before this court to determine whether the district court erred in scoring the two New York DWI counts brought against Crayton in the 2007 indictment as a single conviction.

LEGAL ANALYSIS

*The district court erred in reducing Crayton's two 2007 New York convictions for DWI to a single offense for establishing the severity level of his current charge for DUI.*

*Standard of review*

The crux of the State's argument is that the district court erred by scoring Crayton's two New York DWI offenses as a single offense. Thus, the sole issue we are tasked with resolving is whether those two prior convictions, which were charged in the same indictment but occurred on different dates, constitute two prior convictions for purposes of enhancing the severity level of the current DUI offense he is charged with committing. Resolution of this issue requires interpretation of the relevant DUI provisions, which is a question of law over which we exercise unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

Under the Kansas DUI statute in effect at the time of Crayton's present alleged offense, a first or second DUI offense is classified as a misdemeanor. K.S.A. 8-1567(b)(1)(A)-(B). If a defendant has two prior DUI convictions, a third DUI may be a misdemeanor or a felony depending on whether a prior conviction occurred within 10 years of the present offense. K.S.A. 8-1567(b)(1)(C)-(D). Finally, if a defendant has three prior DUI convictions, which occurred after July 1, 2001, then a fourth DUI offense is classified as a level 6 nonperson felony. K.S.A. 8-1567(b)(1)(E), (i)(1). Thus, our

3

resolution of this issue essentially determines whether Crayton will face prosecution for either a misdemeanor DUI under K.S.A. 8-1567(b)(1)(C) or a felony DUI under K.S.A. 8-1567(b)(1)(E).

The statutory structure for DUI offenses in Kansas was previously a standalone body of law. That changed in 2022 when its provisions were incorporated into the Kansas Sentencing Guidelines Act (KSGA). Compare K.S.A. 2022 Supp. 21-6804(i)(1), with K.S.A. 2021 Supp. 21-6804(i)(1). As a result, when analyzing the State's arguments, we must reconcile the DUI statute with the KSGA.

### 1. Roderick *and the* Wilson *rule*

In arriving at its decision, the district court relied on the *Wilson* rule as articulated in *Roderick*, 259 Kan. at 112. That rule provides "'where there are multiple convictions obtained on the same date for offenses committed at different times or places, the multiple convictions can be used only as a single conviction for the purpose of sentence enhancement.'" 259 Kan. at 112 (citing *State v. Wilson*, 6 Kan. App. 2d 302, 306, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 [1981]).

However, the district court's reliance on the *Wilson* rule and *Roderick* is unsound. The *Wilson* rule applies specifically to the way multiple simultaneous convictions are treated under the Habitual Criminal Act (HCA). *Roderick*, 259 Kan. at 112. The *Wilson* court reasoned that "sentence enhancement requires conviction prior to commission of the subsequent offense, the requirement we have noted as legislatively and judicially made applicable to enhancement of sentence of a defendant as a second offender." 6 Kan. App. 2d at 306. In other words, the rule is designed to prevent a defendant from going from a first-time offender under the HCA straight to a third-time offender in their next case merely because the State brought multiple counts in the first case. But this reasoning is unpersuasive here because Crayton was not charged under the HCA and his prior New

4

York DWI convictions all occurred before the alleged commission of his present DUI in 2022.

Even more importantly, the *Roderick* court determined that the *Wilson* rule does not apply in the context of a guidelines criminal history determination. *Roderick*, 259 Kan. at 113. While the *Wilson* rule requires prior convictions to precede the commission of a subsequent offense, the KSGA defines "prior conviction" as:

> "*any conviction*, other than another count in the current case, *which was brought in the same information* or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203, and amendments thereto, *which occurred prior to sentencing in the current case*, regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." (Emphases added.) K.S.A. 21-6810(a).

The statute goes on to state that "[e]xcept as otherwise provided, *all* convictions, whether sentenced consecutively or concurrently, *shall be counted separately* in the offender's criminal history." (Emphases added.) K.S.A. 21-6810(c). In other words, under the KSGA, all prior convictions shall be considered regardless of whether they (1) occurred before or after the commission of the current offense or conviction in the current case or (2) were sentenced consecutively or concurrently.

Furthermore, the *Wilson* rule was overturned in *State v. Paul*, 285 Kan. 658, 665, 175 P.3d 840 (2008). There, the Kansas Supreme Court held that, for offenses committed on or after July 1, 1993—and thus subject to the KSGA—the definition of "'prior conviction'" included in the KSGA in the context of criminal history also applies to the determination of an offense's criminal severity level unless the Legislature specifically indicates a contrary intent. 285 Kan. at 670-71. Thus, *Paul* confirmed that the guidelines' definition of prior conviction takes precedence unless the Legislature intended for a different rule to apply. Since the KSGA expressly provides a definition of prior

conviction, the district court seemingly erred in applying the *Wilson* rule in Crayton's case.

A somewhat illustrative case is *Nickelson v. State*, No. 87,023, 2003 WL 27393429, at *2 (Kan. App. 2003) (unpublished opinion), in which a panel of this court considered whether Nickelson's "prior convictions for possession of cocaine occurring in the same case constitute two prior convictions for enhancing the severity level of his current crime." The panel ultimately held that Nickelson was properly charged with an enhanced severity level based on his two prior convictions. 2003 WL 27393429, at *3. As support for its conclusion the panel reasoned that it would be inconsistent for the prior convictions to count towards his criminal history score but not towards a severity level enhancement. Since the KSGA defines "'prior conviction'" as "'any conviction . . . which occurred prior to sentencing in the current case,'" Nickelson's two prior convictions for possession of cocaine fell within the definition of "'prior conviction.'" 2003 WL 27393429, at *3.

The KSGA's definition of prior conviction dictates that Crayton's two 2007 DWI offenses must be counted as two prior convictions, provided the Legislature did not intend for a different definition to apply. Accordingly, we turn our attention to the DUI statute to verify whether it sets forth a directive for counting prior convictions in a distinctly different manner.

### 2. *K.S.A. 8-1567(i)(4)*

When it comes to scoring prior convictions, the DUI statute states that "multiple convictions of any crime described in subsection (i)(1) or (i)(2) *arising from the same arrest* shall only be counted as one conviction." (Emphasis added.) K.S.A. 8-1567(i)(4). DUI is included among the crimes outlined in those subsections, alongside comparable local ordinances, and adjacent offenses, such as driving a commercial vehicle under the

influence and involuntary manslaughter while driving under the influence of alcohol or drugs. K.S.A. 8-1567(i)(1)-(2).

Crayton contends that the district court properly granted his motion under K.S.A. 8-1567(i)(4) because that subsection states that "multiple convictions . . . arising from the same arrest shall only be counted as one conviction." At the motion hearing, it was Crayton's position that this language actually means that multiple convictions arising from the same arrest, indictment, and consolidated case shall only be counted as one conviction. On appeal, the State counters that argument by highlighting the plain and unambiguous nature of the language the Legislature actually used in subsection (i)(4).

The State has the more persuasive argument. The language of that provision is clear and straightforward. Only the term "arrest" appears in that subsection, not "indictment," "complaint," "charging instrument," "consolidated case," or any other term Crayton inserted in an effort to encompass his circumstances. See K.S.A. 8-1567(i)(4). The simple fact is that Crayton's two 2007 DWI convictions did not arise from the same arrest. Rather, it is clear from the record that those two offenses undeniably stemmed from two separate instances more than two months apart from each other. Thus, under a plain reading of K.S.A. 8-1567(i)(4), Crayton's two 2007 DWIs should each count towards the severity enhancement of his current offense.

Even if it could be said that subsection (i)(4) was ambiguous in some way, a review of its history clarifies that the Legislature did not draft it with cases like Crayton's in mind. As the State argues, subsection (i)(4) was designed "to limit the State from elevating a DUI offense based on multiple convictions for multiple DUI-adjacent offenses, like DUI and refusal to submit to testing, that occurred as part of the same event."

In 2012, the Legislature introduced K.S.A. 2012 Supp. 8-1025, which criminalized a driver's refusal to submit to a test to determine the presence of alcohol or drugs. The statute was repealed in 2019 after the Kansas Supreme Court found it was facially unconstitutional. See *State v. Wilson*, 303 Kan. 973, 975, 368 P.3d 1086 (2016); K.S.A. 2019 Supp. 8-1025. However, contemporaneous with the enactment of K.S.A. 2012 Supp. 8-1025, the Legislature also amended the definition of a prior conviction under K.S.A. 2012 Supp. 8-1567(i)(2) to include any conviction for refusal to submit to testing under K.S.A. 2012 Supp. 8-1025. It was at that same time that the Legislature introduced subsection (i)(4), which is now at the heart of this appeal. See K.S.A. 2012 Supp. 8-1567(i)(4).

The State asserts that the Legislature demonstrated a clear intent by simultaneously enacting all these changes to the Kansas DUI laws. The 2012 versions of K.S.A. 8-1025 and K.S.A. 8-1567(i)(2) demonstrate that the Legislature sought to criminalize refusal to submit to testing and to disincentivize such refusals by allowing a subsequent sentencing court to use a conviction for refusal to elevate a subsequent DUI charge to a higher severity level. The Legislature then acknowledged, by way of subsection (i)(4), that if a defendant was convicted of both a breath test refusal and DUI arising from the same arrest, those two convictions could only constitute a single conviction when elevating a subsequent DUI offense.

The State's argument lends clarity to subsection (i)(4)'s focus on "multiple convictions . . . arising from the same arrest." K.S.A. 8-1567(i)(4). This subsection is a vestige of a time in Kansas when a driver could have been convicted of multiple DUI-adjacent offenses stemming from a single impaired driving incident. Without subsection (i)(4), these offenses would be considered multiple prior convictions under the DUI statute if the defendant ever re-offended, even though the convictions all stemmed from a single event. Situations like this are what the Legislature intended subsection (i)(4) to address, not situations like Crayton's where he was driving under the influence on two

discrete occasions, over two months apart from each other, and the State of New York opted to bring both charges in a single indictment.

## CONCLUSION

In conclusion, the district court erred in granting Crayton's motion. It relied on outdated caselaw by applying the *Wilson* rule, as articulated in *Roderick*, to an offense governed by the KSGA. Under a plain reading of the KSGA and the DUI statute, all of Crayton's prior out-of-state DWI convictions should count towards the elevation of his current DUI offense from a misdemeanor to a felony. Therefore, Crayton's case is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded with directions.